# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1212

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Carlos Alejandro Talamantes, | * | **[PUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 14, 2010
Filed: September 3, 2010

_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Carlos Talamantes pleaded guilty to unlawful reentry after removal following an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The plea agreement recited the parties' belief "that a sixteen (16) level increase is applicable" under U.S.S.G. § 2L1.2(b)(1)(A) due to his prior felony drug conviction, and that Talamantes would seek a downward departure or variance. Adopting without objection the recommendations of the Presentence Investigation Report, the district court[1] determined a total offense level of 21 and a criminal history category of VI,

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

resulting in an advisory guidelines sentencing range of 77 to 96 months. The court denied a requested downward departure under U.S.S.G. § 4A1.3 and, after considering defense counsel's arguments for a downward variance and the sentencing factors set forth in 18 U.S.C. § 3553(a), sentenced Talamantes to 77 months in prison, the bottom of the advisory guidelines range. Talamantes appeals, arguing that the court abused its discretion by imposing a substantively unreasonable sentence.

Talamantes argues that the district court did not give sufficient consideration to the mitigating factors set forth in his lengthy sentencing memorandum and argued at the sentencing hearing. Under the advisory guidelines regime mandated by Gall v. United States, 552 U.S. 38, 51 (2007), "substantive appellate review in sentencing cases is narrow and deferential. . . . [I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotations omitted). Here, the district court carefully considered the personal mitigating factors urged by Talamantes and concluded instead that this was a "garden variety" illegal reentry offense that warranted a sentence within the advisory range. We may presume that sentence is reasonable. Id. at 461. There was no abuse of discretion.

Talamantes further argues that the district court abused its discretion by ignoring his assertion that the sixteen-level increase in § 2L1.2(b)(1)(A) should be disregarded because it was not based upon or supported by empirical research and analysis. This argument was properly made to the district court. But it is not properly made to this court because "our appellate role is limited to determining the substantive reasonableness of a specific sentence." United States v. Shuler, 598 F.3d 444, 448 (8th Cir.), cert. denied, 130 S. Ct. 3436 (2010). The Supreme Court has instructed "that district courts are entitled to reject and vary categorically from [particular] Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 129 S. Ct. 840, 843-44 (2009). But that does not mean that a district court

-2-

"*must* disagree with any sentencing guideline, whether it reflects a policy judgment of Congress or the Commission's 'characteristic' empirical approach." <u>United States v. Barron</u>, 557 F.3d 866, 871 (8th Cir. 2009) (emphasis in original). Whatever the district court's views as to the Sentencing Commission's policy judgment underlying a particular guidelines provision, our proper role on appeal is only to determine whether the court abused its discretion by imposing a substantively unreasonable sentence on a particular offender. There was no abuse of discretion in this case.

The judgment of the district court is affirmed.

_____