# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1683

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Melvin Geovani Paz, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 23, 2010
Filed: October 8, 2010

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Melvin Geovani Paz pled guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326(b). He appeals the district court's[1] 16-level sentencing enhancement for his prior deportation after a conviction for a "crime of violence." Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Paz, a citizen of Honduras, was deported from the United States in 2006, after pleading guilty to second-degree sexual assault in violation of Arkansas Code § 5-14-125. The assault occurred between January 1998 and December 1999, when Paz was between 25 and 27 years old. The victim, his girlfriend's daughter, was about five years old. According to the child, Paz was living in her home. While on the couch together watching television, he touched the outside of her genital area, beneath her undergarments. He initially denied the incident, but later admitted touching the child between the legs once after consuming three or four beers.

In 2008, Paz entered the United States without applying to the Attorney General for permission to reenter after a prior deportation. In June 2009, federal agents found Paz in an Arkansas jail on charges of public intoxication, criminal impersonation, failure to appear, and contempt of court/nonpayment of fines. Paz pled guilty to unlawful reentry in violation of 8 U.S.C. § 1326(b) on January 11, 2010.

At sentencing, the district court applied U.S.S.G. § 2L1.2, the sentencing guideline for illegal reentry by a previously deported alien. The Pre-Sentence Investigation Report ("PSR") classified Paz's sexual assault conviction as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This caused a 16-level increase in the offense level. Paz objected, invoking *Johnson v. United States* and arguing that his Arkansas sexual assault conviction was not a "crime of violence" because the use of forcible physical action was not an element of his crime.

The district court applied the 16-level enhancement, ruling that *Johnson* did not apply and that Paz's sexual assault conviction was an offense enumerated in the definition of a "crime of violence" in the guidelines commentary. *See* **U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. 1(B)(iii) (2009)**. Considering the advisory sentencing range of 46 to 57 months, the district court sentenced Paz to 57 months of imprisonment and three years of supervised release.

In reviewing for procedural error, such as an improper calculation of the advisory guidelines range, this court reviews de novo the district court's interpretation and application of the sentencing guidelines, and its fact-findings for clear error. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Blankenship*, 552 F.3d 703, 704 (8th Cir. 2009). Because Paz did not object to the underlying factual basis for his sexual-assault conviction, this court accepts the facts set forth in the PSR. *See United States v. Rouillard*, 474 F.3d 551, 554 n. 1 (8th Cir. 2007) (accepting as true any unobjected-to facts set forth in the PSR).

The sentencing guideline for illegal reentry into the United States increases the base offense level by 16 levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." *See* **U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2009)**. A "crime of violence" is defined as:

> Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, *sexual abuse of a minor*, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

**U.S.S.G. § 2L1.2 cmt. 1(B)(iii)** (emphasis added).

Paz pled guilty to sexual contact with a minor, and did not object to a PSR that described his touching a five-year old "between her legs on the outside of her genital area, under her undergarments." A crime with these elements falls within the enumerated offense "sexual abuse of a minor." *See United States v. Garcia-Juarez*, 421 F.3d 655, 658-59 (8th Cir. 2005) (holding that achieving sexual gratification by unlawfully touching a child as prohibited by Iowa Code § 709.8, which prohibits

touching a child's genitals, constitutes sexual abuse of a minor); **United States v. Rodriguez**, 979 F.2d 138 (8th Cir. 1992) (finding that "[t]here is no question that . . . lascivious acts with children of the tender age of ten, is by its nature a crime of violence," where defendant fondled or touched genitals of a minor). "[E]numerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." **U.S.S.G. Manual app. C, amendment 658 (2003)**. This court therefore holds that Paz's sexual assault conviction is a crime of violence under U.S.S.G. § 2L1.2(b).

Paz focuses almost all his argument on *Johnson v. United States*. There, the Supreme Court held that a Florida battery statute that criminalizes the mere touching of another person is not within the catch-all definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), which requires as an element "the use, attempted use, or threatened use of physical force." *See **Johnson v. United States***, 130 S.Ct. 1265, 1269-74 (2010). Here, the sentencing guideline has a similar catch-all definition of a crime of violence — ". . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." **U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. 1(B)(iii) (2009)**. Paz argues that because "mere touching" is not "physical force" for purposes of the Armed Career Criminal Act, his conviction for sexual touching of a five-year-old is not "physical force" for purposes of U.S.S.G. § 2L1.2.

Unlike the Armed Career Criminal Act's definition of a "violent felony," the sentencing guideline at issue lists "sexual abuse of a minor" as an enumerated felony that is a "crime of violence." **U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. 1(B)(iii) (2009)**. Because enumerated offenses are crimes of violence regardless of whether force was used, the catch-all definition of a "crime of violence" in the commentary to U.S.S.G. § 2L1.2 is irrelevant. The district court properly applied the sentencing enhancement for illegal reentry into the United States after a prior crime of violence.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____