# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 10-1204

_____

United States of America,

        Appellee,

v.

Carlos Cardoso-Ramirez,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: October 22, 2010
Filed: December 7, 2010

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Carlos Cardoso-Ramirez pled guilty to unlawful reentry after removal following an aggravated felony conviction (second degree assault with a dangerous weapon) in violation of 8 U.S.C. § 1326(a) and (b)(2). Based on that previous conviction for a crime of violence, the Presentence Investigation Report ("PSR") recommended a 16-level increase in the advisory guidelines base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). At sentencing, Cardoso-Ramirez did not dispute that the 16-level increase applied to the facts of his case, but he argued that a below-guidelines sentence was appropriate because § 2L1.2 allegedly was not based on empirical data

or careful study by the United States Sentencing Commission. Cardoso-Ramirez also contended that his settled family life and stable work history weighed in favor of a below-guidelines sentence pursuant to the 18 U.S.C. § 3553(a) factors. The district court[1] rejected Cardoso-Ramirez's arguments and sentenced him to 41 months' imprisonment, the lower end of the advisory guidelines range.

On appeal, Cardoso-Ramirez contends that the district court failed to explain his sentence adequately. Because he failed to object to this alleged procedural error at the time of sentencing, our review is for plain error. *United States v. Phelps*, 536 F.3d 862, 866 (8th Cir. 2008). In evaluating the explanation for the sentence, we consider "the entire sentencing record, not merely the district court's statements at the hearing." *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008). "Where a sentencing judge imposes a sentence within the advisory guideline range, '[c]ircumstances may well make clear' that the judge believed the case was typical, and 'rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence.'" *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 357 (2007)).

In this case, the parties submitted detailed sentencing memoranda, and the district court noted at sentencing that Cardoso-Ramirez made "a very strong argument in [the] papers" for a below-guidelines sentence and that it was "intrigued" by those arguments. In turn, the Government emphasized that a within-guidelines sentence of 41 to 51 months was appropriate because (1) Cardoso-Ramirez used a false name with law enforcement in an attempt to avoid apprehension for his illegal reentry, and (2) the 21-month sentence imposed for Cardoso-Ramirez's previous conviction evidently had failed to provide sufficient deterrent effect. After hearing the Government's

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

arguments, the district court decided that a sentence at the lower end of the advisory guidelines range was appropriate. In view of the entire sentencing record and the district court's familiarity with Cardoso-Ramirez's arguments, "any error on the district court's part in offering no more than an abbreviated articulation of its reasoning did not prejudice [the defendant's] substantial rights," and we find no plain error. *Perkins*, 526 F.3d at 1111.

Cardoso-Ramirez also renews his argument that § 2L1.2 is not based on empirical research or careful study. While such an argument properly was presented to the district court, it is not relevant on appeal, as we review only the substantive reasonableness of the sentence pronounced by the district court. *See United States v. Talamantes*, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam) ("Whatever the district court's views as to the Sentencing Commission's policy judgment underlying a particular guidelines provision, our proper role on appeal is only to determine whether the court abused its discretion by imposing a substantively unreasonable sentence on a particular offender."); *cf. United States v. Battiest*, 553 F.3d 1132, 1137 (8th Cir. 2009) ("[E]ven if there were merit to Battiest's argument that child pornography [advisory guidelines] sentences are unduly harsh, an issue which we need not address, we still would not hold the district court abused its discretion by rejecting Battiest's claim.").

Finally, Cardoso-Ramirez argues that the sentence imposed is substantively unreasonable. We review the sentence chosen by the district court for abuse of discretion. *See Talamantes*, 620 F.3d at 902. A sentencing court abuses its discretion where it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005). "[S]ubstantive appellate review in sentencing cases is narrow and deferential. . . . [I]t will be the

unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Here, the district court noted the "strong" arguments made by Cardoso-Ramirez but concluded that a sentence within the advisory guidelines range was appropriate. We presume that a sentence within the advisory guidelines range is reasonable. *United States v. Zastrow*, 534 F.3d 854, 856 (8th Cir. 2008). Cardoso-Ramirez argues that the district court failed to give proper consideration to his commitment to family, his work ethic, and the fact that he had only a single conviction, for what he characterizes as a "bar fight," prior to his illegal reentry. To the extent Cardoso-Ramirez attempts to minimize the seriousness of the "bar fight," we note that he did not object to the statement in the PSR that he "repeatedly hit three men in the head with a crowbar." PSR ¶ 22; *see United States v. Paz*, 622 F.3d 890, 891 (8th Cir. 2010) ("Because Paz did not object to the underlying factual basis for his [prior] conviction, this court accepts the facts set forth in the PSR."). In any event, "the district court considered [Cardoso-Ramirez's] arguments and found them unpersuasive." *Phelps*, 536 F.3d at 869. There was no abuse of discretion in this case, and we affirm his sentence.

_____