# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2540

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Arnulfo Ramos-Iniguez, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 13, 2010
Filed:  December 20, 2010

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arnulfo Ramos-Iniguez pled guilty in 2010 to illegally reentering the United States following a prior deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court[1] sentenced Ramos-Iniguez to 40 months.  Ramos-Iniguez appeals his sentence, arguing that the district court committed procedural error by basing his sentence on disputed facts and substantive error by imposing an unreasonable sentence under 18 U.S.C. § 3553(a). We affirm.

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Ramos-Iniguez was deported in 1998 and in 2006 following convictions for possession of methamphetamine with intent to deliver and for being an alien in possession of a firearm. He subsequently returned to the United States, and in 2009 he was arrested for possession of methamphetamine. The drug charges were dismissed upon his transfer to the custody of Immigration and Customs Enforcement (ICE). He was charged with and pled guilty to unlawful reentry after deportation. The presentence investigation report recommended Ramos-Iniguez be placed at a total offense level of 21 with a criminal history category III, resulting in an advisory guideline range of 46 to 57 months. At sentencing, the district court reduced appellant's criminal history category to II, resulting in an adjusted advisory guideline range of 41 to 51 months. The court granted appellant's motion to credit time served and sentenced him to 40 months.

We review sentencing decisions first to ensure there was no significant procedural error and then for substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). Procedural error includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. While a district court need not recite the § 3553(a) factors in its sentence determination, it abuses its discretion when it "gives significant weight to an improper or irrelevant factor." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009).

Ramos-Iniguez argues that the district court erred by considering an improper factor and erroneous facts, the assumption that he was dealing drugs after his most recent return to the United States. In 2005 Ramos-Iniguez pled guilty to possessing with intent to deliver methamphetamine and he was again arrested for possession of methamphetamine in 2009. At sentencing for the illegal reentry charge, the district court noted appellant's prior convictions. The court also observed that Ramos-Iniguez

and his wife had admitted in 2005 that they were drug dealing and that he had been arrested on suspicion of drug trafficking in 2009.

The district court did not err or abuse its discretion by mentioning appellant's record at sentencing. His convictions were relevant, and uncharged conduct is a proper factor for sentencing consideration. See Nichols v. United States, 511 U.S. 738, 747 (1994) ("Sentencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior."); United States v. Bridges, 569 F.3d 374, 377 (8th Cir. 2009) ("[T]he district court is entitled to determine sentences based upon judge-found facts and uncharged conduct where the defendant is not sentenced in excess of the statutory maximum.").

Appellant next argues that the court in effect double counted his prior drug trafficking conviction by applying the § 2L1.2(b)(1) enhancement for illegal reentry following a felony conviction. We have rejected this argument in other illegal reentry cases. See United States v. Dyck, 334 F.3d 736, 740 (8th Cir. 2003) (rejecting the double counting argument and finding that "it was reasonable for the Commission to punish certain deported aliens more severely than others."). We have also previously rejected appellant's argument that the guideline enhancements under U.S.S.G. § 2L1.2 should be given little weight because they are not based on sufficient empirical data. See United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010). The district court did not abuse its discretion by applying the § 2L1.2 enhancement.

Ramos-Iniguez also argues that the district court's sentence was substantively unreasonable in its application of the § 3553(a) factors. When no procedural error is found and the imposed sentence is within the guideline range, we may grant that sentence a rebuttable presumption of reasonableness. Feemster, 572 F.3d at 461. We review substantive reasonableness "considering the totality of the circumstances," United States v. Shy, 538 F.3d 933, 937 (8th Cir. 2008), looking at the entire

sentencing record, "not merely the district court's statements at the hearing." United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008).

Ramos-Iniguez contends that the district court did not sufficiently weigh the § 3553(a) factors. We disagree. The record reflects that the district court heard arguments from both parties on the various § 3553(a) factors before deciding that a guideline sentence was appropriate. See United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007). Ramos-Iniguez also argues that he was punished more harshly than defendants with similar records, but we note that he expressly refused a "fast track" plea agreement in order to argue for a reduced sentence at his sentencing hearing. Cf. United States v. Sebastian, 436 F.3d 913, 915–16 (8th Cir. 2006) (finding no unwarranted sentencing disparity although defendant received a much higher sentence because he resided in a jurisdiction lacking an early disposition program). We conclude that the district court did not abuse its discretion in sentencing Ramos-Iniguez.

Accordingly, we affirm the judgment of the district court.

_____