**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4575**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR CERON-GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:09-cr-00448-REP-1)

Submitted:  January 24, 2011        Decided:  February 18, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Benjamin L. Hatch, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Arturo Ceron-Garcia appeals the within-Guidelines 108-month sentence imposed following his guilty plea to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (2006). On appeal, Ceron-Garcia contends that the district court imposed a substantively unreasonable sentence because it used the offense level determined by the weight of actual methamphetamine rather than the entire weight of the mixture. Finding no reversible error, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007). First, we review the sentence for significant procedural error, examining the record for miscalculation of the Guidelines range, the treatment of the Guidelines as mandatory, failure to consider the § 3553(a) factors, the selection of a sentence based on clearly erroneous facts, and failure to adequately explain the chosen sentence and any deviation from the Guidelines. Gall, 552 U.S. at 51. If we find no significant procedural error, we next assess the substantive reasonableness of the sentence. United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Mendoza-Mendoza,

2

597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Ceron-Garcia does not challenge the procedural reasonableness of his sentence; he merely argues that the district court erred when it declined to vary downward because the sentencing disparity for actual methamphetamine and a methamphetamine mixture is not based on empirical data and national experience, as he argues is required by Kimbrough v. United States, 552 U.S. 85, 109-10 (2007). Kimbrough, however, did not require an empirical basis for all Sentencing Guidelines. United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir.), cert. denied, 130 S. Ct. 192 (2009); see also United States v. Talamantes, 620 F.3d 901, 901 (8th Cir. 2010) (per curiam). While "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, [appellate courts] will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." Mondragon-Santiago, 564 F.3d at 367.

Thus, we presume reasonable Ceron-Garcia's within-Guidelines sentence. Because Ceron-Garcia fails to rebut the

3

presumption, we hold that the district court did not abuse its discretion in sentencing him to 108 months' imprisonment. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED