**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4540**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILLIAM GEISTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Jerome B. Friedman, Senior District Judge.   (2:10-cr-00127-JBF-TEM-1)

Submitted:  November 10, 2011        Decided:  November 22, 2011

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael  S.  Nachmanoff,  Federal  Public  Defender,  Keith  L. Kimball, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Norfolk, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Elizabeth M. Yusi, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Geister pled guilty without a plea agreement to one count of possession of visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C.A. §§ 2252(a)(4)(B), 2256(2) (West Supp. 2011). The district court calculated Geister's Guidelines range at eighty-seven to 108 months' imprisonment under the U.S. Sentencing Guidelines Manual ("USSG") (2010) and sentenced Geister to 102 months' imprisonment. On appeal, Geister challenges his sentence, arguing that it is substantively unreasonable because it results from the application of USSG § 2G2.2--a Guideline which he asserts is "fundamentally flawed" because it lacks an empirical basis--and is greater than necessary to achieve the purposes of sentencing. We affirm.

We review the sentence imposed by the district court for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a)

2

[(2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

It is well-established that a district court may consider policy-based objections to the Sentencing Guidelines. Kimbrough v. United States, 552 U.S. 85, 91, 109-10 (2007); see also United States v. Herder, 594 F.3d 352, 362-63 (4th Cir.) (vacating sentence where district court "refused to consider a variation from the Guidelines in light of the 67:1 ratio between [cocaine base] and powder cocaine at Herder's offense level" because the court found that "'Congress has decided that that's an appropriate ratio to establish'"), cert. denied, 130 S. Ct. 3440 (2010). Here, the district court acknowledged Geister's arguments at sentencing for a downward variance from the Guidelines range to sixty months' imprisonment based in part on the proposition that USSG § 2G2.2 lacked empirical support, but it ultimately rejected those arguments and declined to impose a downward variance. To the extent Geister is suggesting the district court should have adopted his policy arguments, Kimbrough does not require that appellate courts discard "the presumption for sentences based on non-empirically-grounded Guidelines." United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir. 2009); see also United States v. Talamantes, 620 F.3d 901, 901 (8th Cir. 2010) (per curiam). While "district courts certainly may disagree with the Guidelines for policy

3

reasons and may adjust a sentence accordingly[,] . . . if they do not, [appellate courts] will not second-guess their decisions under a more lenient standard simply because the particular Guideline [at issue] is not empirically-based." Mondragon-Santiago, 564 F.3d at 367.

Geister also asserts that a sentence of 102 months' imprisonment is greater than necessary to achieve the purposes of sentencing. Geister's argument, in essence, asks this court to substitute its judgment for that of the district court. Even if this court may have weighed the § 3553(a) factors differently if we had resolved the issue in the first instance, we will defer to the district court's well-reasoned decision. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."), cert. denied, ___ S. Ct. ___, 2011 WL 4532052 (Oct. 3, 2011).

Geister's arguments on appeal fail to rebut the presumption that his within-Guidelines sentence is substantively reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED