**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4898**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOSE GUADALUPE REYES-INFANTE, a/k/a Ramiro Infante-Valadez,
a/k/a Jose Guadalupe Mesa-Reyes, a/k/a Jose Martinez
Hernandez, a/k/a Jose Meza-Reyes, a/k/a Jose Reyes Mesa,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley. Irene C. Berger,
District Judge. (5:11-cr-00025-1)

———————

Submitted: February 28, 2012     Decided: March 13, 2012

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant. R.
Booth Goodwin II, United States Attorney, Erik S. Goes,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Guadalupe Reyes-Infante pled guilty to unlawful reentry after previously being deported following conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), without benefit of a plea agreement. The district court sentenced him to a term of thirty-six months' imprisonment, a downward variance of one month which the parties agreed was warranted to ensure that Reyes-Infante received credit for the time he had already spent in custody. Reyes-Infante appeals his sentence, contending that his sentence is unreasonable. We affirm.

Reyes-Infante's offense level calculation included a 16-level enhancement because he had previously been deported after conviction for a crime of violence — attempted capital murder. U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2010). Reyes-Infante did not contest the calculation of his Guidelines range. However, he requested a downward departure pursuant to 18 U.S.C. § 3553(a) (2006), on two grounds: first, that the 16-level increase for deportation after an aggravated crime was not based on empirical data, and, second, that the lack of a fast track program created an unwarranted disparity between him and similarly situated defendants in districts with fast track programs who were eligible for a downward departure under USSG § 5K3.1, p.s. See USSG § 3553(a)(6) (need for

2

sentence "to avoid disparity among defendants with similar records who have been found guilty of similar conduct").

Reyes-Infante acknowledged this court's precedent holding that sentencing disparity resulting from the fact that not all districts have fast track programs is not an unwarranted disparity under § 3553(a)(6), and that "the need to avoid such disparities [does] not justify the imposition of a below-guideline variance sentence." United States v. Perez-Pena, 453 F.3d 236, 244 (4th Cir. 2006). However, Reyes-Infante pointed out that there is now a circuit split concerning whether United States v. Kimbrough, 552 U.S. 85 (2007),[*] has changed the analysis, making a variance on this ground available.

The district court decided that a thirty-seven-month sentence, the bottom of the Guidelines range, was sufficient but not greater than necessary in light of Reyes-Infante's criminal history and his repeated illegally entries into the United States. The court was later persuaded to reduce the sentence to thirty-six months to give Reyes-Infante credit for the time he

---

[*] In Kimbrough, the Supreme Court held that a district court may deviate from the advisory Guidelines range for crack cocaine offenses if it concludes that the disparity between the ranges for crack and power cocaine results in a sentence greater than necessary to achieve the sentencing goals of § 3553(a). 552 U.S. at 91.

3

had spent in custody after his arrest, a variance to which the government did not object.

On appeal, Reyes-Infante first argues that his sentence is unreasonable because, like the crack Guideline reviewed in Kimbrough, the policy underlying § 2L1.2(b)(1)(A) is not supported by empirical data. He relies on United States v. Amezcua-Vasquez, 567 F.3d 1050, 1055-56, 1058 (9th Cir. 2009) (holding that 16-level increase resulted in unreasonable sentence where predicate offense was too old to be counted in criminal history and defendant had no later convictions for violent offenses).

We review a sentence under a deferential abuse of discretion standard, which requires consideration of both the procedural and substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 41, 51 (2007). If there is no procedural error, and none is alleged here, we review the substantive reasonableness of the sentence by examining "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212 (4th Cir. 2010).

We recently held that, although after Kimbrough, "a sentencing court may be entitled to consider policy decisions underlying the Guidelines, it is under no obligation to do so."

4

United States v. Rivera-Santana, ___ F.3d ___, 2012 WL 310871 (4th Cir. Feb. 2, 2012) (internal citation omitted). Kimbrough does not require appellate courts to disagree with the policy underlying a guideline. United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam). While "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, [appellate courts] will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009). Although Reyes-Infante had no prior convictions that counted in his criminal history, the district court noted that he had convictions for theft, attempt to commit capital murder on a police officer, and burglary of a building, as well as repeated illegal reentries, and that prior sentences had not deterred him from criminal conduct. We conclude that the district court did not abuse its discretion in deciding not to vary below the Guidelines range to offset the 16-level enhancement.

Next, Reyes-Infante maintains that his sentence fails to account for the sentencing disparity between similarly situated defendants in districts with fast track programs and those like him who are sentenced in a district lacking such a program. He questions whether Kimbrough calls Perez-Pena into

5

question and notes that, post-Kimbrough five circuits have held that courts may consider fast-track disparity in the § 3553(a) analysis.  Compare United States v. Jiminez-Perez, 659 F.3d 704 (8th Cir. 2011) (disparity resulting from absence of fast track program not excluded as sentencing factor); United States v. Reyes-Hernandez, 624 F.3d 405, 417 (7th Cir. 2010) (same); United States v. Camacho-Arellano, 614 F.3d 244 (6th Cir. 2010) (same); United States v. Arrelucea-Zamudio, 581 F.3d 142, 149 (3d Cir. 2009) (same); United States v. Rodriquez, 527 F. 221, 229 (1st Cir. 2008) (same); with United States v. Gonzalez-Zotelo, 556 F.3d 736, 739-41 (9th Cir. 2009) (Kimbrough did not undermine precedent holding that fast track disparities are not unwarranted); United States v. Vega-Castillo, 540 F.3d 1235, 1239 (11th Cir. 2008) (same); United States v. Gomez-Herrera, 523 F.3d 554, 562-63 (5th Cir. 2008) (same).

We have not yet addressed the issue, but need not resolve it in this case.  The district court did not indicate that it believed it lacked authority to consider a possible sentencing disparity based upon the absence of a fast-track program.  Instead, the district court rejected Reyes-Infante's arguments.  In its explanation for the sentence, which was initially within the Guidelines range, the district court found that Reyes-Infante repeatedly reentered the United States without permission, committed crimes after illegal reentry, and

6

had not been deterred from such action by his prior sentences. The district court's findings, and the fact that the court concluded that a sentence within the Guidelines range was sufficient, indicate that the court chose not to vary downward to offset the lack of a fast track program. We conclude that the sentence was not procedurally or substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED