**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4928**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEON FRED COLLINS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:10-cr-00066-RJC-1)

Submitted: May 31, 2012        Decided:  June 11, 2012

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executor Director, Ross Richardson, Assistant Federal Defender, Elizabeth Blackwood, Research & Writing Attorney, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Fred Collins pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (2006), and was sentenced as a career offender to a term of 210 months' imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1 (2010)(Career Offender Guideline). Collins appeals his sentence, alleging both procedural and substantive error. We affirm.

At his sentencing hearing, Collins argued that a variance below the Career Offender Guidelines range was appropriate because the Career Offender Guideline was developed in a flawed manner, unlike other Guidelines, and was unlikely to produce a sentence that achieved the objectives of 18 U.S.C. § 3553(a) (2006). The district court declined to vary downward.

We review a sentence under a deferential abuse-of-discretion standard, which requires consideration of both the procedural and substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 41, 51 (2007). Collins first maintains that the district court procedurally erred by (1) treating the Career Offender Guideline as mandatory and failing to appreciate that the court had the authority to vary below the Career Offender Guidelines range, (2) applying the Career Offender Guideline mechanically in the apparent belief that a sentence within the range carried a presumption of

2

reasonableness, and (3) failing to provide a rationale for the sentence by giving an individualized assessment of Collins' particular case. See United States v. Carter, 564 F.3d 328-330 (4th Cir. 2009) (explaining need for individualized rationale to facilitate appellate review).

None of Collins's claims are supported by the record. The district court acknowledged the advisory nature of the Guidelines and addressed Collins' argument for a variance, if briefly. The district court further discussed the specific facts of his case and explained that Collins' record of robberies, drug crime, failure to benefit from drug treatment, and violations of probation and supervised release argued against a more lenient sentence. We conclude that Collins has not shown procedural error.

If there is no procedural error, we review the substantive reasonableness of the sentence by examining "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This Court treats a sentence within a properly calculated Guidelines range as presumptively reasonable. Id. at 217; United States v. Wallace, 515 F.3d 327, 334 (4th Cir. 2008).

3

Collins contends that the district court did not seriously consider his argument that the Career Offender Guideline is flawed because it is not based on empirical data. Relying on Kimbrough v. United States, 552 U.S. 85, 108 (2007) (approving deviation from advisory Guidelines range for crack cocaine offenses), Collins argues that, in deciding whether to depart or vary below a properly calculated Guidelines range, the district court may vary from the range based on policy considerations. However, although "a sentencing court may be entitled to consider policy decisions underlying the Guidelines, it is under no obligation to do so." United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir. 2012) (internal citation omitted). Kimbrough does not require appellate courts to disagree with the policy underlying a Guideline. United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam). While "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, [appellate courts] will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009). We conclude that the district court did not abuse its discretion when it declined to vary below the Career Offender Guidelines range.

4

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED