**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-4728**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JAMES WESLEY SIDBURY,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:12-cr-00011-F-1)

───────────────

Submitted:  June 12, 2013        Decided:  June 28, 2013

───────────────

Before MOTZ, KEENAN, and DIAZ, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Wesley Sidbury pled guilty to four counts of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2013) (counts one through four), one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (count five), and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006) (count six). The district court calculated Sidbury's Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2011) at 121 to 151 months' imprisonment on counts one through five and 120 months' imprisonment on count six, and sentenced Sidbury to concurrent terms of 121 months' imprisonment on counts one through five and 120 months' imprisonment on count six. Sidbury appeals his sentences. We affirm.

We review the sentence imposed by the district court for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this Court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is

2

unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Sidbury argues that the district court committed substantive error by rejecting his argument that the 18:1 weight ratio of cocaine base to powder cocaine in USSG § 2D1.1 is flawed because the ratio is not based on empirical data, and by basing the court's sentencing decision on erroneous policy presumptions about the prevalence of cocaine base and the ease with which it is distributed.

It is well-established that a district court may consider policy-based objections to the Sentencing Guidelines and may vary from the Guidelines based on policy disagreements. Spears v. United States, 555 U.S. 261, 265-66 (2009) (per curiam); Kimbrough v. United States, 552 U.S. 85, 91, 109-10 (2007). However, "[a]lthough a sentencing court may be entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data, it is under no obligation to do so." United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir.) (internal citation omitted), cert. denied, 133 S. Ct. 274 (2012). Kimbrough does not require appellate courts to disagree with the policy underlying a Guideline. United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam). While "district courts certainly

3

may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . . if they do not, [appellate courts] will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009).

Here, the district court acknowledged Sidbury's arguments regarding the 18:1 drug weight ratio, but it ultimately rejected them and declined to impose a downward variance. After reviewing the record, we conclude that the district court did not abuse its discretion when it declined to vary below the Guidelines range and sentence.

Sidbury fails to rebut the presumption that his within-Guidelines sentences are substantively reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

4