# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2581
_____

United States of America

*Plaintiff - Appellee*

v.

Arnoldo Aguirre-Vasquez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 8, 2014
Filed: January 28, 2015
[Unpublished]

_____

Before LOKEN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arnoldo Aguirre-Vasquez pleaded guilty to illegally reentering the United States after being removed following an aggravated felony conviction, a violation of

8 U.S.C. § 1326(a) and (b)(2). At sentencing, the district court[1] determined, without objection, that Aguirre-Vasquez's advisory guidelines sentencing range was 57-71 months in prison. Aguirre-Vasquez urged the court to vary or depart downward and impose a 30-month sentence based on the substantial overstatement of his criminal history and his many years of "cultural assimilation" in the United States. See U.S.S.G. § 2L1.2 comment. (n.7, 9). The government agreed a downward variance was appropriate but urged the court to impose a 41-month sentence because of the "history of prior removals from the country." The district court imposed a 41-month sentence, explaining:

> I've considered the arguments of cultural assimilation as well as the overrepresentation of the underlying felonies, which do have some age on them . . . . [O]rdinarily my sentence would be something in the neighborhood of 48 months, doubling the 24 [month sentence for the prior illegal reentry conviction], but in light of the prosecution's recommendation and the bottom end of the next lower guideline being 41 months, I do find that 41 months is sufficient.

On appeal, Aguirre-Vasquez argues the district court imposed a substantively unreasonable sentence because it gave too much weight to the 16-level enhancement in U.S.S.G. § 2L1.2(b)(1)(A), which was not based on an assessment of empirical data or the Sentencing Commission's institutional expertise; and too little weight to the overrepresentation of his criminal history, his thirty years of cultural assimilation in this country, and his commitment to remain in Mexico when next deported. We review the substantive reasonableness of a sentence for abuse of the district court's substantial sentencing discretion. This is well-traveled ground. The district court may vary based on its policy disagreement with a particular guideline provision, but it need not do so, whether the provision "reflects a policy judgment of Congress or

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the Commission's 'characteristic' empirical approach." <u>United States v. Talamantes</u>, 620 F.3d 901, 902 (8th Cir. 2010) (quotation omitted). Likewise, the court's decision "to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant" is well within its wide discretion. <u>United States v. Wisecarver</u>, 644 F.3d 764, 774 (8th Cir. 2011). Here, the district court carefully balanced mitigating circumstances against the disrespect for the law demonstrated by Aguirre-Vasquez's repeated illegal reentries and granted a lesser downward variance than he urged. There was no abuse of discretion.

The judgment of the district court is affirmed.

_____