# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2223

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Alan Anderson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 13, 2018
Filed: August 7, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

During a traffic stop in Nokay Lake, Minnesota, officers found two ounces of methamphetamine taped to Zachary Flannigan, a computer in Adam Anderson's backpack, $9,571 in cash, and a digital scale. A warrant search of an apartment rented by Anderson in Ogilvie, Minnesota, yielded 1,238 grams of methamphetamine, glass pipes with residue, syringes, and a loaded semi-automatic pistol in a safe.

Anderson and Flannigan were charged with conspiracy to distribute 50 grams or more of actual methamphetamine. Anderson was also charged with being a felon in possession of a firearm. Anderson pleaded guilty to conspiracy to distribute .5-1.5 kilograms of actual methamphetamine; the government dismissed the felon in possession charge. The district court[1] sentenced Anderson to 240 months in prison. He appeals the sentence. We affirm.

In the plea agreement, the parties disagreed whether a two-level enhancement for possession of a firearm should apply. They agreed that Anderson's criminal history category was likely VI, resulting in an advisory guidelines sentencing range of 235 to 293 months if the firearm enhancement applied, and 188 to 235 months if it did not. The Presentence Investigation Report (PSR) stated that Anderson had ten prior felony and at least twelve prior misdemeanor convictions. At sentencing, the district court found that the firearm enhancement applied but a contested role-in-the-offense enhancement did not, resulting in an advisory range of 235 to 293 months imprisonment. In imposing the 240-month sentence, the district court explained:

> The guideline range in your case is appropriate. . . . You've earned the Category 6 Criminal History multiple times over. You've got about twice as many criminal history points as you would have to be in that [category] . . . . The criminal behavior that's led to this point started so early and has been so persistent and is partly drug related and partly not drug related.
>
> [T]he sentence has to reflect not only you personally . . . why you have developed and maintained such an active disregard for lawful behavior, but also the sentences that are given to people who are somewhat comparable . . . . [Y]ou should really get a sentence towards the upper end of that range to put you in a comparable position of other people who have . . . blow[n] the lid off the criminal history and the drug

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

amounts [which] are so extreme. I'm going to give you a sentence that is toward the bottom though because it's a long time.

Flannigan also pleaded guilty to the methamphetamine conspiracy charge. Flannigan was sentenced by Judge Ericksen to 169 months imprisonment after Anderson was sentenced. Flannigan's PSR stated that the Probation Officer did not apply an enhancement for the firearm found in Anderson's apartment because "the firearm did not belong to Flannigan, and this officer has no further information [he] possessed any firearm during the instant offense." The PSR recommended an advisory guidelines range of 188 to 235 months imprisonment.

On appeal, Anderson first argues the gun enhancement "was equally applicable to Mr. Flannigan" and therefore the district court created an unwarranted sentencing disparity when it did not apply the same guidelines range to similarly situated codefendants. This contention is without merit. Anderson does not argue the district court clearly erred in applying the firearm enhancement in determining *his* guidelines range. Lacking a full sentencing record, he has no basis to challenge the range determined at Flannigan's later sentencing. In sentencing Anderson, the district court explicitly took into account the unwarranted disparity factor in 18 U.S.C. § 3553(a)(6), properly comparing Anderson to other defendants who had a similarly deplorable criminal history and were guilty of distributing substantial quantities of methamphetamine. "It is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are legitimate distinctions between the co-defendants." United States v. Johnson, 688 F.3d 444, 448 (8th Cir. 2012) (quotation omitted), cert. denied, 568 U.S. 1256 (2013). In this case, the gun enhancement alone was a substantial "legitimate distinction" between Anderson and Flannigan.

Anderson next argues, submitting the issue under Anders v. California, 386 U.S. 738 (1967), that guidelines provisions that give the actual methamphetamine

amount a higher base offense level "than the mixture amount on which it was based" are excessive, are not supported by empirical research, and create an unwarranted sentencing disparity. "[D]istrict courts are entitled to reject and vary categorically from [particular] Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 555 U.S. 261, 265-66 (2009). Thus, this argument was properly made to the district court. "But it is not properly made to this court because our appellate role is limited to determining the substantive reasonableness of a specific sentence." United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (quotation omitted). Here, the district court imposed a carefully considered sentence that is within the advisory guidelines range. The sentence is not substantively unreasonable.

The judgment of the district court is affirmed.

_____