27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie Bernard RANDOLPH, Defendant-Appellant.
 No. 94-5010.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 7, 1994.
Decided: June 22, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-93-151).
 Thomas N. Cochran, Asst. Fed. Public Defender, Greensboro, NC, for appellant.
 Walter C. Holton, Jr., U.S. Atty., Lisa B. Boggs, Asst. U.S. Atty., Greensboro, Nc, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The grand jury indicted Jackie Bernard Randolph for possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(A) (West 1981 & Supp.1994). The district court denied Randolph's motion to suppress evidence, concluding that the motion was untimely. Randolph then entered a conditional guilty plea. See Fed.R.Crim.P. 11(a)(2). He now appeals the adverse determination of his motion to suppress, arguing that he did not voluntarily consent to the search. Finding no error in the district court's ruling, we affirm.
 
 I.
 
 2
 The court entered a scheduling order at Randolph's arraignment on July 2, 1993, which required the parties to file all pretrial motions by July 15, 1993. Randolph filed a motion to suppress evidence on August 6, 1993, to which the Government responded the same day.
 
 
 3
 At the suppression hearing, the Government argued that Randolph's motion should be denied because he failed to file it by the court's August 6 deadline. Randolph offered no explanation as to why the motion was not timely filed, other than to assert attorney-client privilege. The district court denied the motion to suppress as untimely. To determine if "grievous error" warranted a review of the motion's merits, the district court heard evidence. Before making its alternative finding, the district court reiterated that Randolph presented no reason sufficient to excuse the late motion and concluded that Randolph voluntarily consented to the search of his baggage which disclosed the crack cocaine.
 
 
 4
 The court sentenced Randolph to 120 months imprisonment, ordered five years of supervised release, and imposed a $50 special assessment. Randolph noted a timely appeal.[1] On appeal, Randolph argues that he did not voluntarily consent to the search of his baggage.
 
 II.
 
 5
 Rule 12(b)(3) of the Federal Rules of Criminal Procedure provides that suppression motions must be filed before trial. Fed.R.Crim.P. 12(b)(3). Rule 12(c) allows a district court to set a date before which pretrial motions must be filed. See Fed.R.Crim.P. 12(c). Failure to make a pretrial motion before the court's deadline "shall constitute waiver ... [unless] the court for cause shown ... grant[s] relief from the waiver." Fed.R.Crim.P. 12(f). Relief may be granted if the defendant shows (i) cause for his noncompliance, and (ii) actual prejudice arising from the waiver. United States v. Howard, 998 F.2d 42, 52 (2d Cir.1993). This Court has held that "a motion under Rule 12(f) 'is addressed to the discretion of the district judge and is to be disturbed only for clear error.' " United States v. Chavez, 902 F.2d 259, 263 (4th Cir.1990) (quoting United States v. Wertz, 625 F.2d 1128, 1132 (4th Cir.), cert. denied, 449 U.S. 904 (1980)); see also United States v. Leal, 831 F.2d 7, 10 (1st Cir.1987) (finding that denial of Rule 12(f) relief reviewable for abuse of discretion).
 
 
 6
 Here, Randolph filed his motion to suppress on August 6, 1993, twenty-two days after the court-imposed July 15, 1993, deadline. Randolph sought no extension of time in which to file his motion to suppress. When questioned about the motion's timeliness, Randolph's attorney asserted attorney-client privilege on Randolph's behalf but gave no other reason why the motion was filed late or described what prejudice might result. The district court denied the motion as untimely, stating that "there [was] no showing that there is any reason or justification for failure to communicate and discuss or file this matter earlier." Further, the district court's indication of its view on the merits of Randolph's motion after hearing testimony does not automatically excuse Randolph's waiver.[2] See United States v. Ulloa, 882 F.2d 41, 43 (2d Cir.1989) (finding that failure to make timely motion constitutes waiver even where trial court considers merits); United States v. Oldfield, 859 F.2d 392, 396-97 (6th Cir.1988) (finding that issues raised in untimely motion to suppress are waived on appeal "even though the district court rules on the merits"); United States v. Worthington, 698 F.2d 820, 824 (6th Cir.1983) (same). Therefore, we find that no clear error exists in the district court's denial on timeliness grounds.[3]
 
 III.
 
 7
 Accordingly, we affirm Randolph's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Randolph filed his notice of appeal after sentencing but before the district court entered its judgment. A notice of appeal filed after the announcement of a decision but before the entry of the judgment shall be deemed to have been filed after entry on the same day. See Fed. R.App. P. 4(b). Thus, Randolph's notice of appeal is timely
 
 
 [2]
 Other courts have held that where the district court considers and resolves an untimely motion to dismiss on the merits, an appellate court may review the decision on appeal. See United States v. Vasquez, 858 F.2d 1387, 1389 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989), and cert. denied, 489 U.S. 1029 (1989); United States v. Contreras, 667 F.2d 976, 978 n. 2 (11th Cir.), cert. denied, 459 U.S. 849 (1982). We find that these cases are inapposite to Randolph's case because, unlike Vasquez and Contreras, the district court in this case denied the motion on timeliness grounds and addressed the merits in the alternative to ensure that no grievous error would result
 
 
 [3]
 Even if we were to review the merits of Randolph's motion, the district court's finding that Randolph voluntarily consented to the search was not clearly erroneous. See United States v. Wilson, 895 F.2d 168, 172 (4th Cir.1990)