# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-2308

_____

United States of America

*Plaintiff - Appellee*

v.

Robert E. Green

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 16, 2012
Filed: September 10, 2012

_____

Before WOLLMAN and COLLOTON, Circuit Judges, and HICKEY,[1] District
Judge.

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas, sitting by designation.

COLLOTON, Circuit Judge.

Following a bench trial, Robert Green was convicted of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). The district court[2] sentenced him to 96 months' imprisonment. On appeal, Green challenges the district court's denial of a motion to suppress evidence and the sentence imposed. We affirm.

I.

On March 28, 2009, Officers Ricky Ropka and Kevin Growney of the Kansas City, Missouri, Police Department were on patrol. It was a cloudy day with occasional moderate to heavy rain. At approximately 9:00 a.m., Growney and Ropka heard a radio call reporting a robbery at the Commerce Bank at 63rd Street and Brookside Plaza in Kansas City. The suspect was described as a 30 to 40-year-old black male with facial hair and a medium build, wearing a black raincoat, black baseball cap, blue jeans, and white Nike tennis shoes. Growney, Ropka, and other officers set up a perimeter in the area surrounding the bank.

Growney noticed a black male walking near 65th and Wyandotte Streets, approximately two blocks from Commerce Bank. The man, later identified as Green, had a medium build, was approximately 5'10" to 5'11" tall, had a goatee, and wore white Nike tennis shoes. Growney asked Green to stop, and he complied. Green told Growney that he was a personal trainer and was in the area looking for a trail on which to run.

Growney ran a computer check and discovered two outstanding warrants for Green's arrest. Growney arrested Green and found a large amount of cash in his front

---

[2]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

pants pocket. While canvassing the area, other officers found a black rain jacket, black sweatshirt, black hat, and a box cutter in a trash can at a nearby home. Green later made inculpatory statements during an interview with law enforcement. After the interview, officers seized a Styrofoam cup that Green had used in the interview room and submitted it for DNA testing.

A grand jury charged Green with bank robbery. He moved to suppress his statements to law enforcement and several pieces of physical evidence. Green argued that Growney's investigatory stop violated the Fourth Amendment, because the officer had nothing more than an "inchoate and unparticularized suspicion or hunch" of criminal activity. After a hearing, a magistrate judge[3] recommended denial of the motion. Citing the facts that Green was walking in the area of the recent bank robbery and matched many aspects of the suspect's description, the magistrate judge concluded that Growney was justified in conducting an investigative detention.[4]

After issuing the report and recommendation, but before the deadline for filing objections had expired, the magistrate judge granted Green's request to proceed *pro se*, with his former counsel continuing only as stand-by counsel. Green did not file

---

[3]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

[4]The magistrate judge also found that Growney noticed that Green "was not wearing a coat, but [his] clothes appeared to be fairly dry," and the judge relied on this fact in concluding that the stop was supported by reasonable suspicion. Green argues on appeal, however, that Growney did not observe Green's dry clothing until after initiating the detention. Green did not file objections to the magistrate judge's factual findings, so we review this disputed finding for plain error. *See United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998). We conclude that Growney had reasonable suspicion to stop Green even without an observation of dry clothes, so any error on this point was not prejudicial.

objections to the magistrate's recommendation. The district court then adopted the recommendation and denied the motion to suppress.

After a two-day bench trial, the district court found Green guilty of bank robbery. At sentencing, the court varied upward from the advisory guideline sentencing range of 46 to 57 months' imprisonment and sentenced Green to a 96-month term.

## II.

On appeal, Green reasserts his claim that Growney lacked reasonable suspicion to make an investigative stop. He also contends for the first time on appeal that even if the stop were justified, Growney exceeded the permissible scope of an investigative detention under *Terry v. Ohio*, 392 U.S. 1 (1968), and subjected him to a *de facto* arrest without probable cause. As a result, Green argues, the currency seized from his pocket, his statements to law enforcement, and the "genetic profile" developed from the Styrofoam cup must be suppressed.

## A.

A law enforcement officer may detain a person for investigation without probable cause to arrest if the officer "has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry*, 392 U.S. at 30). "Whether the particular facts known to the officer amount to an objective and particularized basis for a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances." *United States v. Garcia*, 23 F.3d 1331, 1334 (8th Cir. 1994). We review *de novo* the district court's determination that reasonable suspicion existed. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

-4-

The district court correctly held that Growney had reasonable, articulable suspicion that was sufficient to stop Green. An investigative stop "typically is justified when a suspect matches the description of a person involved in a disturbance near in time and location to the stop." *United States v. Horton*, 611 F.3d 936, 940 (8th Cir. 2010). After receiving a description of the suspected bank robber, Growney observed a black male with a medium build and facial hair wearing white Nike tennis shoes. Each of these features matched the description given to Growney. Growney also observed Green walking approximately two blocks away from the bank that had just been robbed. Given Green's similarities to the description of the suspected robber and his proximity in both time and place to the crime, Growney had reasonable suspicion that Green committed a crime.

B.

Green next argues that Growney exceeded the permissible scope of a *Terry* stop and subjected him to a *de facto* arrest without probable cause. He contends that Growney effected a *de facto* arrest because the officer was driving a "patrol wagon" used to transport arrestees for booking, and he instructed Green to "stop and walk toward me." Green also complains that when Growney placed his hand on Green's chest to feel his heartbeat, presumably to see if he had been running in the immediate aftermath of the bank robbery, the officer conducted a search for evidence that went beyond the scope of a permissible *Terry* stop. These contentions were not raised in a pretrial motion to suppress evidence, and they are therefore waived. *See* Fed. R. Crim. P. 12(e).

Federal Rule of Criminal Procedure 12(b)(3) specifies that "a motion to suppress evidence" must be made before trial. The district court may establish a deadline for pretrial motions, Fed. R. Crim. P. 12(c), and a "party *waives* any Rule 12(b)(3) defense, objection, or request not raised" by the court's pretrial deadline. Fed. R. Crim. P. 12(e) (emphasis added). The court may, however, grant relief from

-5-

the waiver for "good cause." *Id.* Because "waived claims are unreviewable on appeal," *United States v. Booker*, 576 F.3d 506, 511 (8th Cir. 2009), the waiver provision of Rule 12 precludes appellate review of arguments to suppress evidence that are not raised in a pretrial motion to suppress. *See United States v. Henderson*, 613 F.3d 1177, 1182 (8th Cir. 2010); *United States v. Spotted Elk*, 548 F.3d 641, 656 (8th Cir. 2008); *United States v. New*, 491 F.3d 369, 374 n.3 (8th Cir. 2007); *United States v. Buchanan*, 985 F.2d 1372, 1380 (8th Cir. 1993); *United States v. Neumann*, 887 F.2d 880, 885-86 (8th Cir. 1989); *see also United States v. Crooker*, No. 10-2372, 2012 WL 3064846, at \*7 (1st Cir. July 27, 2012); *United States v. Burke*, 633 F.3d 984, 988-89 (10th Cir. 2011); *United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008); *United States v. Yousef*, 327 F.3d 56, 124-25 (2d Cir. 2003); *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002); *United States v. Chavez-Valencia*, 116 F.3d 127, 134 (5th Cir. 1997).[5]

To be sure, there is a general rule that a "plain error that affects substantial rights may be considered even though it was not brought to the court's attention," Fed. R. Crim. P. 52(b), and a "mere forfeiture" typically "does not extinguish an

---

[5]As of July 2011, a panel of this court said that we had "'not yet decided whether the failure to raise a suppression matter in a timely pretrial motion precludes plain error review.'" *United States v. Garcia*, 646 F.3d 1061, 1068 n.7 (8th Cir. 2011) (quoting *United States v. James*, 534 F.3d 868, 875 (8th Cir. 2008)). As noted in text, however, several decisions of this court dating at least to *Neumann* in 1989 have held that an objection that evidence should be suppressed is waived if not raised in a pretrial motion. Other decisions from this circuit have reviewed suppression issues for plain error, *see United States v. Quam*, 367 F.3d 1006, 1008 (8th Cir. 2004); *United States v. Wheat*, 278 F.3d 722, 738 (8th Cir. 2001); *United States v. Clayton*, 210 F.3d 841, 843 (8th Cir. 2000); *United States v. Washington*, 109 F.3d 459, 465 (8th Cir. 1997), but we have found no decision that granted relief on that basis. None of the decisions that applied plain error review considered the effect of the Rule 12 waiver provision, and a prior panel's implicit resolution of an issue that was not raised or discussed is not binding precedent. *Streu v. Dormire*, 557 F.3d 960, 964 (8th Cir. 2009).

'error' under Rule 52(b)." *United States v. Olano*, 507 U.S. 725, 733 (1993). But Rule 12 "singles out motions to suppress." *Rose*, 538 F.3d at 183. Rule 12 mandates that such motions must be brought before trial, and it provides that a party "waives" any Rule 12(b)(3) "defense, objection, or request" not raised by the court's pretrial deadline. Fed. R. Crim. P. 12(e). "When general and specific statutory provisions apparently contradict, it is well-established that the two may exist together, the specific provision qualifying or limiting the general." *United States v. Gullickson*, 981 F.2d 344, 349 (8th Cir. 1992) (internal quotation omitted). We do not apply "a general provision when doing so would undermine limitations created by a more specific provision." *Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996). If we were to apply the forfeiture analysis of Rule 52(b) and *Olano* in the face of Rule 12's specific waiver provision, then a Rule 12 waiver "would have no consequence other than that [the claim] would be reviewed for plain error"—the same result as if there were no Rule 12(e). *United States v. Weathers*, 186 F.3d 948, 955 (D.C. Cir. 1999).

The Supreme Court in *Davis v. United States*, 411 U.S. 233 (1973), explained that "waiver" in Rule 12 precludes further judicial review. The defendant there brought a proceeding under 28 U.S.C. § 2255, alleging that there had been unconstitutional discrimination in the selection of a grand jury. *Id.* at 234-35. Although he had not raised this claim at trial, the defendant argued that his collateral attack was not barred unless he "deliberately bypassed" or "understandingly and knowingly" waived the claim. *Id.* at 236. The Court, invoking the "express waiver provision" of Rule 12, disagreed. *Id.* at 239.[6] *Davis* held that "a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires." *Id.* at 242. The Court explained that even though the defendant "alleged

---

[6]When *Davis* was decided, the waiver provision appeared in Rule 12(b)(2) and provided that the failure to present certain defenses or objections by pretrial motion "constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver." *Davis*, 411 U.S. at 236.

the deprivation of a substantial constitutional right," *id.* at 243, Rule 12 "applies to both procedural and constitutional defects in the institution of prosecutions." *Id.* at 236. Thus, as the D.C. Circuit summarized, "[a]lthough *Olano* indicates that untimely objections are generally regarded as forfeitures subject to Rule 52(b), *Davis* dictates that untimely objections that come within the ambit of [Rule 12] must be considered waivers and may not be revived on appeal." *Weathers*, 186 F.3d at 957.

The history of Rule 12 also "indicates that its text means what it says." *Rose*, 538 F.3d at 183. The rules were amended in 1974 "to require—with an explicit threat of waiver—that motions to suppress be raised prior to trial in accordance with the district court's desired timetable." *Id.* Well after *Olano*, the waiver provision was moved to subsection (e) of Rule 12, and the text was revised, but the waiver provision remained intact. *See* Fed. R. Crim. P. 12 advisory committee's note on 2002 amendments. "Had the drafters thought that term outdated in light of *Olano* or other precedent, they could have changed the term to 'forfeiture,' but they did not." *Rose*, 538 F.3d at 183.

In our case, Green did file a motion to suppress, but the mere filing of a motion is not sufficient to avoid waiver of specific arguments that are advanced for the first time on appeal. The Rule 12 "waiver provision 'applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion.'" *Spotted Elk*, 548 F.3d at 656 (quoting *United States v. Barajas-Chavez*, 358 F.3d 1263, 1266-67 (10th Cir. 2004)); *accord Burke*, 633 F.3d at 991; *Rose*, 538 F.3d at 182. The rule declares that a party waives any Rule 12(b)(3) "objection" not raised by the court's pretrial deadline. Fed. R. Crim. P. 12(e). Rule 12(b)(3) sought to make "clear that objections to evidence on the ground that it was illegally obtained must be raised prior to trial." Fed. R. Crim. P. 12 advisory committee's note on 1974 amendment. Although Green filed a pretrial motion to suppress, he did not urge that Growney made a *de facto* arrest or that the officer conducted an illegal search when he touched Green's chest. Thus, the government had no reason to justify the officer's

actions that Green now challenges on appeal, and the district court had no occasion to address the issues.

Absent a showing of good cause, the arguments that Green seeks to raise for the first time on appeal are waived under Rule 12(e). We discern no "good cause" that warrants relief from the waiver in this case. The evidence regarding Growney's touching of Green's chest was adduced at the suppression hearing. While belated discovery of disputed evidence might explain a defendant's failure to raise an issue in his initial motion to suppress, it cannot establish "good cause" for his failure to raise it after the hearing but before trial. *See Rose*, 538 F.3d at 184-85. Nor does the fact that Green was proceeding *pro se* for a portion of the pretrial period excuse his noncompliance with Rule 12. The right of self-representation is not "a license not to comply with relevant rules of procedural and substantive law," *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), and Green's *pro se* status alone does not constitute good cause. *See Rose*, 538 F.3d at 184-85. For these reasons, we hold that Green's remaining arguments for suppression of evidence are waived.

III.

Green next challenges his 96-month sentence on procedural and substantive grounds. In considering assertions of procedural error, we review the district court's application of the guidelines *de novo* and its factual findings for clear error. *United States v. Paz*, 622 F.3d 890, 891 (8th Cir. 2010). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Green asserts that the district court committed procedural error when it departed upward under USSG § 4A1.3(a)(1), which permits an upward departure if "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant

will commit other crimes." Green contends that the court erroneously failed to consider or explain why intermediary criminal history categories failed to meet the purposes of § 4A1.3. *See United States v. Azure*, 536 F.3d 922, 932 (8th Cir. 2008). The premise of this contention is flawed. The district court did not depart upward under § 4A1.3. Rather, it considered the factors set forth in 18 U.S.C. § 3553(a) and found that "a variance is appropriate." "[T]he standards justifying departures under the advisory Guidelines are narrower than the factors enumerated in § 3553(a)," and a variance based on the statutory factors may be appropriate even where a departure would be unjustified. *United States v. Solis-Bermudez*, 501 F.3d 882, 886 (8th Cir. 2007). Because the district court did not depart pursuant to § 4A1.3, there is no merit to Green's claim of procedural error.

Green also challenges the substantive reasonableness of his sentence, arguing that the district court "focused almost entirely" on a fifteen-year sentence Green served on a prior state robbery conviction. The record does not support this assertion. In considering the § 3553(a) factors, the district court gave several reasons for imposing a sentence of 96 months' imprisonment. As part of its analysis, the district court properly considered Green's prior robbery conviction and prison disciplinary record, observing that Green "didn't get along well in prison." Green accumulated numerous prison violation reports for assault, threats, and fighting, and he was placed in disciplinary segregation sixteen times. The district court understandably found it "concerning" that Green went "to prison for 15 years for robbery and gets out and robs a bank." The court also considered the seriousness of Green's offense, which created "a dangerous circumstance to everybody," and the court weighed Green's "sporadic" work history. Finally, the court considered the need to promote respect for the law and deter criminal conduct, explaining, "when you get out of prison after a robbery, and you go out and rob a bank a few years after that, there's a punishment related to this." Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall*, 552 U.S. at 51, we conclude that Green's sentence is not unreasonable.

\*    \*    \*

The judgment of the district court is affirmed.  Green's motion for leave to file a *pro se* reply brief is denied.  *See United States v. Martin*, 59 F.3d 767, 768 n.2 (8th Cir. 1995).

_____