**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4344**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP EDWARD CRAIG,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:11-cr-00181-1)

Submitted:  October 5, 2012            Decided:  November 26, 2012

Before AGEE, DAVIS, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory J. Campbell, CAMPBELL LAW OFFICE, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Edward Craig entered a conditional guilty plea, see Fed. R. Crim. P. 11(a)(2), to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Craig's plea preserved his right to appeal the district court's order denying his motion to suppress evidence seized pursuant to a search warrant of his apartment. On appeal, he argues that the district court erred in denying his motion to suppress. We affirm.

Craig claims in this court that the search warrant was invalid because the supporting affidavit failed to establish probable cause that drugs were stored at his residence. Specifically, Craig asserts that there was insufficient corroboration of information provided by the anonymous informant and that Craig's roommate's statement concerning Craig's possession of drugs was too unreliable to establish probable cause. Craig also contends that the fact that officers followed him to a high drug trafficking area was not sufficient to justify probable cause. Finally, Craig notes that, although the affidavit mentioned that a drug dog gave a positive indication for drugs, it failed to acknowledge that no drugs were found pursuant to the search of the vehicle.

Craig, however, did not raise these claims in the motion to suppress he filed in the district court. Accordingly,

2

we conclude that his new claims are waived. See Fed. R. Crim. P. 12(b)(3), (e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995); see also United States v. Green, 691 F.3d 960, 963-64 (8th Cir. 2012) ("[T]he waiver provision of Rule 12 precludes appellate review of arguments to suppress evidence that are not raised in a pretrial motion to suppress."); United States v. Lockett, 406 F.3d 207, 212 (3d Cir. 2005) ("[I]n the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he . . . seeks to rely upon in this [c]ourt.").

Even if Craig had not waived these new claims, we conclude that the district court did not plainly err in denying his motion to suppress. See United States v. Servance, 394 F.3d 222, 231 (4th Cir. 2005) (stating standard of review), vacated on other grounds, 544 U.S. 1047 (2005); see also United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). When considering the denial of a motion to suppress, we review de novo a district court's legal conclusions, while its factual findings are reviewed for clear error. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). The evidence is construed in the light most favorable to the Government, the prevailing party below. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

To comport with the Fourth Amendment, a magistrate issuing a search warrant must find probable cause based on "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "[I]n reviewing the sufficiency of a supporting affidavit, we avoid applying hypertechnical scrutiny," instead granting great deference to the issuing magistrate. Owens ex rel. Owens v. Lott, 372 F.3d 267, 274 (4th Cir. 2004) (internal quotation marks omitted); see Gates, 462 U.S. at 236. We must determine whether, under the totality of the circumstances, the issuing judge had a substantial basis for finding probable cause to issue the warrant. Gates, 462 U.S. at 238-39; United States v. Allen, 631 F.3d 164, 172 (4th Cir. 2011). We conclude that the supporting affidavit provided a substantial basis for the magistrate's finding of probable cause because it described an anonymous tip corroborated by independent police investigation indicating that Craig was a drug dealer, and it included a statement by Craig's roommate to the police that Craig probably had marijuana in his room.

Craig's argument that there was insufficient corroboration of information provided by the anonymous informant is unpersuasive. Confirmation of even the innocent details of

4

an informant's tip lend credibility to unconfirmed allegations of criminal conduct. See United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993). Here, the detectives confirmed particularized information provided by the anonymous informant, including the specific address where the drugs were stored and the description of particular vehicles.

Moreover, the anonymous tip was corroborated by further independent police investigation when the detectives followed Craig to "a high drug trafficking area." (J.A. 17).[*] Although Craig correctly contends that his mere presence in a high-crime neighborhood, standing alone, did not justify probable cause, see Brown v. Texas, 443 U.S. 47, 52 (1979), even seemingly innocent activity may be deemed suspicious in light of an initial tip, such as the anonymous letter here. See Gates, 462 U.S. at 243-44 n.13. Further, Craig's conduct was more suspect because the detectives recognized Craig based on a 2006 drug arrest and had current information linking him to heroin-dealing in the area. We conclude that these factors, taken in the totality of the circumstances, indicate sufficient corroboration of the information provided by the anonymous informant.

---

[*] "J.A." refers to the joint appendix filed by the parties.

5

We also reject Craig's argument that his roommate's statement concerning Craig's possession of drugs was too unreliable to establish probable cause because there are several indicia of credibility in the statement. First, Craig's roommate admitted to having a drug problem when making the statement concerning Craig's possession of drugs. See United States v. Harris, 403 U.S. 573, 583-84 (1971) (finding that, as a matter of common sense, "[a]dmissions of crime . . . carry their own indicia of credibility"). Further, Craig's roommate made the statement in person to the police, which also supports its credibility. See United States v. DeQuasie, 373 F.3d 509, 523 (4th Cir. 2004) (noting that "an informant who meets face-to-face with an officer provides the officer with an opportunity to assess his credibility and demeanor and also exposes himself to accountability for making a false statement").

Finally, Craig argues that, although the affidavit mentioned that a drug dog gave a positive indication for drugs, it failed to acknowledge that no drugs were found pursuant to the search of the vehicle. We conclude that this omission was immaterial to the finding of probable cause. Thus, the search warrant remains valid. See United States v. Gary, 528 F.3d 324, 328 (4th Cir. 2008).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

6

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED