# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3068
_____

United States of America

*Plaintiff - Appellee*

v.

Enrique Guzman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: May 12, 2014
Filed: August 6, 2014
[Unpublished]
_____

Before RILEY, Chief Judge, BEAM and SMITH, Circuit Judges.
_____

PER CURIAM.

Enrique Guzman challenges the substantive reasonableness of his 80-month sentence for possession of child pornography, in violation of 18 U.S.C.

§ 2252(a)(4)(B). He also challenges the district court's[1] application of U.S.S.G. § 2G2.2(b)(3)(B)'s five-level enhancement for distributing child pornography in return for, or in expectation of, receipt of a thing of value. We affirm.

I. *Background*

Enrique Guzman pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Guzman used LimeWire, a peer-to-peer file-sharing program, to access and download a total of 114 videos and 7 images of child pornography.

In calculating the applicable Guidelines range, the district court applied a five-level enhancement for distributing in return for, or in expectation of, receipt of a thing of value. *See* U.S.S.G. § 2G2.2(b)(3)(B). The court concluded that the government carried its burden of demonstrating that Guzman knew and understood the distributive qualities of a file-sharing program, and it therefore demonstrated that Guzman knowingly used the program to both access and distribute child pornography. The government's evidence on this point was the presence of two other file-sharing programs on the computer and Guzman's admission that he used LimeWire to access and download music and child pornography.

The application of the enhancement resulted in an offense level of 33. Combined with Guzman's criminal history category of I, this yielded a Guidelines range of 135–168 months. Because the statutory maximum sentence for a violation of § 2252(a)(4)(B) is 120 months, his sentencing range became 120 months. Without the five-level enhancement, Guzman would have received a two-level enhancement for simple distribution, yielding an offense level of 30 and a Guidelines range of 97–121 months' imprisonment.

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

At Guzman's sentencing hearing, during discussion of the five-level enhancement, Guzman's counsel stated:

> I argued for a two-level enhancement for distribution [rather than the five-level enhancement]. Whether we reach that through a guideline correction or alteration or via a variance, for our purposes, in the big scheme of things, it doesn't matter which approach the Court would take there.

The court acknowledged that "this is a somewhat academic issue under the circumstances of this particular case because the guideline calculation ends up above the statutory maximum in this case, and therefore we're discussing a legal issue here that ultimately may not have that much impact on Mr. Guzman." The court concluded that "the record here is thin enough that there is some consideration as to whether some variance is appropriate to overcome the [five-level] enhancement that was applied there." The court then varied downward to impose a sentence of 80 months—a sentence below even the low end of a range applying his requested two-level enhancement.

## II. *Discussion*

On appeal, Guzman challenges the application of the five-level enhancement and challenges his sentence as substantively unreasonable.

We need not review Guzman's challenge to the sentencing enhancement because he has waived any error. During the sentencing hearing, Guzman invited the court to remedy the alleged sentence inflation caused by the five-level enhancement either by amending the Guidelines calculation *or* with a downward variance. The court chose the latter. Guzman cannot complain on appeal that he received exactly what his lawyer requested. *See United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002).

"We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) (citation omitted). Guzman attacks the substantive reasonableness of his sentence on the grounds that the Guidelines for child pornography are excessive and are "notorious for enhancements that promote statutory maximum or near maximum sentencing in run-of-the-mill cases." We have consistently rejected such challenges, and we do so here. *See United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013). Furthermore, Guzman's sentence would fall significantly below the applicable Guidelines range regardless of the enhancement imposed. "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). This is not the "unusual case." This is especially true where, as here, the sentence imposed is substantially below the lowest range argued for by the defendant.

### III. *Conclusion*

Accordingly, the judgment of the district court is affirmed.

_____