IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH SWANSON, | § | |
| | § | No. 364, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID No: 2306003673 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 15, 2025
Decided: December 31, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW** and **GRIFFITHS**, Justices, constituting the Court *en banc*.

Upon appeal from the Superior Court of the State of Delaware. **AFFIRMED.**

Nicole M. Walker, Esquire (*argued*); OFFICE OF THE PUBLIC DEFENDER, Wilmington, Delaware, *for Appellant Kenneth Swanson*.

Kenneth J. Nachbar, Esquire, Julie M. Donoghue, Esquire (*argued*), DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware, *for Appellee State of Delaware*.

**TRAYNOR**, Justice:

The defendant asks this Court to overturn his conviction for possessing with the intent to deliver 27 grams of cocaine, claiming that the cocaine police found on his person was unlawfully seized in violation of the Fourth Amendment to the United States Constitution. But the defendant did not move to suppress the damning evidence in the trial court. Even so, he contends that we should review his Fourth Amendment claim in the interests of justice under the plain-error standard of review.

Our rules of criminal procedure mandate that motions to suppress evidence be filed before trial. The rules provide further that motions that are required to be, but are not, filed before trial are waived. Although relief from the waiver is available "for cause shown," the defendant has not shown any cause here. Under these circumstances and for the reasons stated below, we decline the defendant's invitation to review his untimely claim. Consequently, we affirm his conviction.

I

A

As of late-May 2023, Kenneth Swanson was subject to arrest under two capiases issued by the Superior Court for violations of probation and one Family Court capias, the reason for which the record does not disclose. Earlier that year, a "past proven reliable confidential source" had told the police that Swanson was "selling large amounts of crack cocaine throughout the Maryland Ave[nue] corridor"

2

in Wilmington. [1]  Then, on June 7, 2023, that same informant reported to the police that Swanson would be in the vicinity of Maryland Avenue and planned to conduct a sale of cocaine at a predetermined location.  According to the informant, Swanson would be in a gray Nissan sedan bearing Washington registration plates.[2]

In response to the informant's tip, several police officers, along with members of the Safe Streets Task Force, surveilled the area surrounding the Maryland Avenue corridor.  They observed Swanson, accompanied by a passenger, driving along Homestead Road in a car that matched the description of the vehicle provided by the informant.  When Swanson pulled over on Homestead Road, one of the detectives witnessed another individual walk over to the vehicle, "reach inside," and "appear to exchange an unknown item with the occupants."[3]  According to a detective on the surveillance team, "these actions were consistent with a hand-to-hand drug transaction."[4]

Swanson then drove to a nearby gas station.  When he stopped near the gas pumps, Detective Anthony Randazzo of the New Castle County Police Department pulled up behind him.  Detective Randazzo approached the vehicle and confirmed Swanson's identity through the open drivers-side window.  The detective then asked

---

[1] App. to Answering Br. at B3.
[2] *Id.*
[3] *Id.*
[4] *Id.* (included dashes).

Swanson to exit from the vehicle, and when Swanson complied, the detective cuffed his hands behind his back.

Detective Randazzo patted Swanson down, reached into Swanson's pockets and found "some currency, a lighter," and "some miscellaneous items."[5] Detective Randazzo also pressed down on the fabric around Swanson's groin area. The detective felt "what appeared to be a hard object in a ball," which "[d]idn't seem like it was part of the human anatomy."[6] Believing that Swanson was in possession of crack cocaine, the detective called Probation Officer William Walker, who was at the scene with numerous other officers, to retrieve the item.

Officer Walker put on a pair of gloves and approached Swanson. The officer pulled Swanson's pants slightly outward and reached down into his pants. At no point during this search did Swanson's pants or underwear fall below his waist, exposing his pelvic region. Officer Walker recovered a plastic bag that was "knotted at the top," which contained what he believed to be crack cocaine.[7] He handed the bag over to Detective Randazzo.

Detective Randazzo placed Swanson and the suspected drugs in the patrol car and drove them to the New Castle County Police Department. The substance in the bag was sent to a lab for testing; the results confirmed that the substance was cocaine.

---

[5] App. to Opening Br. at A16.
[6] *Id.* at A16–17.
[7] *Id.* at A45.

4

B

A grand jury indicted Swanson on one count of drug dealing, one count of drug possession in a Tier 3 quantity (25 grams or more of cocaine), and one count of driving a vehicle while his license was suspended or revoked.[8] Within two months of Swanson's indictment, the State produced discovery materials to Swanson's counsel, including four body-worn camera clips. The clip from Detective Randazzo's body-worn camera clearly depicted his encounter with Swanson and Officer Walker's search. Other than a motion to dismiss for pre-indictment delay Swanson filed no pretrial motions.

Swanson waived his right to trial by jury. The ensuing bench trial was brief. The prosecution's case-in-chief, which lasted little more than an hour, consisted of testimony from Detective Randazzo and Officer Walker. During Detective Randazzo's testimony, his body-worn camera video was admitted as the State's sole evidentiary exhibit without objection. The defense refrained from calling any witnesses or offering any evidence.

Before closing argument, the State informed the court that it was only seeking a conviction on the Tier 3 drug possession charge and would eventually enter *nolle prosequi* on the drug-delivery and driving-with-a-suspended license charges. The court found Swanson guilty of the drug possession charge.

---

[8] *Id.* at A1; *id.* at A5–6.

After a presentence investigation, the court granted the State's motion to declare Swanson a habitual offender subject to sentencing under 11 *Del. C.* § 4214(a) and sentenced Swanson to ten years of Level V incarceration, suspended after six years for decreasing levels of supervision.

## C

In this appeal, despite his failure to move to suppress the fruits of the search of his person after he was lawfully taken into custody, Swanson now contends that the search, because of its invasive nature, was so unreasonable as to have required the trial judge to suppress the fruits of the search *sua sponte*. Typically, we would preface our analysis of an appellate claim with a statement of the standard of review. But the question here is not *how* we should review Swanson's argument; rather, the question is whether we should review the argument at all. For the reasons that follow, we conclude that appellate review is not appropriate.

## II

### A

Under Superior Court Criminal Rule 12, "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue *may* be raised prior to trial."[9] But certain motions, among them motions to suppress evidence,

---

[9] Super. Ct. Crim. R. 12(b) (emphasis added).

"*must* be raised before trial."[10] And under subparagraph (f) of Rule 12, failure by a party "to make requests which must be made prior to trial . . . shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."

In this case, Swanson did not file a pretrial motion to suppress the evidence seized from him when he was arrested and did not object to its admission during the State's case-in-chief. Nor has he attempted to show cause why he is entitled to relief from his waiver. Instead, he skips past Rule 12's requirements and waiver provision and contends that we should review his Fourth Amendment claim under a plain-error review standard.

To be sure, it is well established that, although "[o]nly questions fairly presented to the trial court may be presented for review[]," in this Court,[11] we may consider arguments not presented to the trial court if the interests of justice require it. Such a review, when allowed, proceeds under the plain-error standard. When we apply that standard, our review is limited to errors that affect substantial rights in a way that "jeopardize[s] the fairness and integrity of the trial process."[12] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and

---

[10] *Id*.
[11] Supr. Ct. R. 8.
[12] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

7

which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[13]

In the context of this case, Swanson's invocation of this doctrine is wide of the mark. It elides the fact that, by not moving before trial to suppress the fruits of the officer's search, Swanson did not trigger the process by which our trial courts adjudicate such motions. That process involves a pretrial evidentiary hearing at which the trial court hears testimony and considers evidence relevant to the reasonableness of the challenged search or seizure. If the search or seizure was pursuant to a warrant, the defendant typically bears the burden of establishing the invalidity of the warrant.[14] When, as here, the search and seizure was conducted without a warrant, the burden of proof is on the prosecution.[15] Evidence that is relevant to the reasonableness of a search or seizure is frequently irrelevant and inadmissible at trial. Here, Swanson's failure to move to suppress the challenged evidence before trial effectively precluded the State from establishing an evidentiary record that would support a finding by the trial court that the officers' search of Swanson at the scene of his arrest was constitutionally permissible. Under these

---

[13] *Id.*

[14] *State v. Sisson*, 883 A.2d 868, 875 (Del. Super. Ct. 2005).

[15] *Juliano v. State*, 254 A.3d 369, 392 (Del. 2020) (quoting *Hunter v. State*, 783 A.2d 558, 560 (Del. 2001); *see also* 6 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.2(b) (6th ed. 2025) (observing that "most states follow the rule utilized in the federal courts: if the search or seizure was pursuant to a warrant, the defendant has the burden of proof; but if the police acted without a warrant[;] the burden of proof is on the prosecution.").

circumstances, it would be fundamentally unfair for this Court to consider Swanson's Fourth Amendment claim.

Other reasons militate against allowing appellate review of a Fourth Amendment claim that was not raised before trial. Under 10 *Del. C.* § 9902, the State has an absolute right to appeal an order "suppressing or excluding substantial and material evidence, upon certification by the Attorney General that the evidence is essential to the prosecution[and] dismiss[al] of the complaint, indictment, or information or any count thereof to the proof of which the evidence suppressed or excluded is essential."[16] If the appellate court finds merit in the State's appeal, the appellate court "shall reverse the dismissal, [and] the defendant may be subjected to trial."[17] If a trial court were to entertain a motion to suppress after jeopardy has attached, the State would lose its right to appeal an adverse ruling on suppression.[18]

In addition to that, indiscriminate appellate review of suppression claims not raised in accordance with the trial court's procedural rules could have undesirable practical effects. In particular, it would place our trial judges in an untenable position, as illustrated by Swanson's argument here. As mentioned, he contends that, even though he did not move to suppress the challenged evidence, the trial court should have nevertheless suppressed it. Thus, under Swanson's reasoning, trial

---

[16] 10 *Del. C.* § 9902(b).
[17] 10 *Del. C.* § 9902(c).
[18] *See United States v. Ford*, 34 F.3d 992, 994 n.2 (11th Cir. 1994).

9

judges should be on the lookout—presumably, during trial—for evidence that might have been unlawfully seized, even though the lawfulness of searches and seizure is not among the things the State must prove at trial. The impracticability of imposing such a burden on trial judges is obvious.

Considering all these factors, we are convinced that the application of Rule 12's waiver provision to the exclusion of plain-error review, absent good cause for not filing a motion to suppress before trial, is entirely appropriate.

B

We acknowledge that decisions of this Court offer some support for Swanson's argument that his failure to move to suppress the cocaine found on his person should be treated like a run-of-the-mill failure to object to evidence at trial. On one side of the ledger, we have noted, in the absence of the pretrial suppression motion, "there is not an adequate record upon which to review the [suppression] claim."[19] On the other side, however, in those very cases, we have undertaken plain-error review. But we do not view those cases as standing for the proposition that, as Swanson has argued, we "must review . . . for plain error"[20] the Fourth Amendment issue he has raised for the first time in this appeal. To the contrary, we are satisfied

---

[19] *Mills v. State*, 947 A.2d 1122, 2007 WL 4245464, at *4 (Del. Dec. 3, 2007) (TABLE); *see also Jones v. State*, 882 A.2d 761, 2005 WL 2473789, at *1 (Del. August 22, 2005) (TABLE); *Walley v. State*, 622 A.2d 1097, 1993 WL 78221, at *2 (Del. Mar. 17, 1993) (TABLE).
[20] Reply Br. at 1.

that the straightforward application of the Superior Court Criminal Rule 12 supports a finding of waiver here.   This decision is consistent with the approach taken by the majority of the federal Circuit Courts of Appeal, which we discuss next.

C

Like our Superior Court's rules, the Federal Rules of Criminal Procedure require defendants to raise any suppression issues before trial.   Federal Criminal Rule 12(b) provides that requests for the suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."   Before the federal rules were amended in 2014, Rule 12(e) governed the consequences of an untimely motion:

> A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides.  For good cause, the court may grant relief from the waiver.[21]

In the 2014 the amendments, the word "waiver" was removed and was replaced with the term "untimely":

> **Consequences of not Making a Timely Motion Under Rule 12(b)(3).** If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause.[22]

The Advisory Committee explained why that decision was made:

---

[21] Fed. R. Crim. P. 12(e) (before the 2014 amendment).
[22] Fed. R. Crim. P. 12(c)(3) (emphasis in original).

11

Although the term waiver in the context of a criminal case ordinarily refers to the intentional relinquishment of a known right, Rule 12(e) has never required any determination that a party who failed to make a timely motion intended to relinquish a defense, objection, or request that was not raised in a timely fashion. Accordingly, to avoid possible confusion the Committee decided not to employ the term "waiver" in new paragraph (c)(3).[23]

In *United States v. Chavez-Valencia*,[24] a case that predates the 2014 amendments and thus considered a waiver rule much closer to our Superior Court Criminal Rule 12(f), the Fifth Circuit Court of Appeals applied Rule 12 to an appellate claim of an unlawful motor vehicle stop that the defendant failed to raise in a pretrial motion. In ruling that appellate review is barred when a defendant does not raise a suppression claim in a timely manner under Rule 12, the court discussed the important policy considerations served by the rule:

> Allowing appellate review of suppression claims not raised in the district court inflicts a significant cost on the criminal justice process. If, at trial, the government assumes that a defendant will not seek to suppress certain evidence, the government may justifiably conclude that it need not introduce the quality or quantity of evidence needed otherwise to prevail. Also, on appeal the government will be forced to rely on an underdeveloped record in defending itself.

In another Fourth Amendment case, the Ninth Circuit Court of Appeals expressed similar concerns:

> As a general rule, an issue not presented to the trial court cannot be raised for the first time on appeal. Several policies underlie this rule. It would be unfair to surprise litigants on appeal by final decision of an

---

[23] Fed. R. Crim. P. 12, Advisory Committee Note to 2014 Amendment.
[24] 116 F.3d 127 (5th Cir. 1997).

issue on which they had no opportunity to introduce evidence. Judicial economy and sound judicial administration require that issues critical to the conduct of the trial, such as grounds for suppressing evidence, be presented initially to the trial judge for decision.[25]

This rule, which is followed in several other federal circuits,[26] makes eminent sense as is illustrated by the case now before us in which Swanson asks this Court to assess the reasonableness of the warrantless search of his person. Had he raised that issue in a pretrial motion as Rule 12(b) requires, the State would have had the burden of proving the reasonableness of the search at a pretrial suppression hearing presided over by the trial judge. Given the nature of Swanson's claim—that the search was unduly invasive and unnecessarily conducted in a "wide-open gas pump bay area in view of the public"[27]—the State could have offered evidence countering Swanson's vague suggestion that the search was visible to others and explaining the rationale for each investigative step taken at the scene. But because there was no

[25] *United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir. 1983).

[26] *See, e.g.*, *United States v. Luciano*, 329 F.3d 1, 9 (1st Cir. 2003); *United States v. Martinez*, 862 F.3d 223, 233–34 (2d Cir. 2017), *cert. granted, judgment vacated sub nom. Rodriguez v. United States*, 588 U.S. 918 (2019); *United States v. Sok*, 115 F.4th 251, 266 (3d Cir. 2024); *United States v. Martinez-Hidalgo*, 993 F.2d 1052, 1057–58 (3d Cir. 1993); *United States v. Randolph*, 27 F.3d 564, 1994 WL 273881, at *1 (4th Cir. June 22, 1994) (TABLE); *United States v. Ibarra-Zelaya*, 465 F.3d 596, 604 (5th Cir. 2006); *United States v. Obiukwu*, 17 F.3d 816, 820 (6th Cir. 1994) ("Where, as here, a defendant neither filed a pre-trial suppression motion nor objected to the introduction of the evidence at trial, we cannot review an assignment of error charging that the evidence should have been suppressed."); *United States v. McMillian*, 786 F.3d 630, 633, 35–36 (7th Cir. 2015); *United States v. Green*, 691 F.3d 960, 962–63 (8th Cir. 2012); *Whitten*, 706 F.2d at 1012; *United States v. Dirden*, 38 F.3d 1131, 1139 n.10 (10th Cir. 1994) ("By failing to challenge anything but the stop in the proceedings below, [the defendant] has waived any other challenges on appeal"); *United States v. Pou*, 2006 WL 3228039, at *1 (11th Cir. Nov. 8, 2006).

[27] Opening Br. at 9.

suppression hearing and the evidence that would be relevant to Swanson's suppression claim was not relevant at Swanson's trial, the State was deprived of that opportunity. Swanson should not be heard now to argue that the State did not sustain its burden of proof.

To be clear, we hold that Superior Court Criminal Rule 12 means what it says: motions to suppress "must be made prior to trial" and a failure to do so, absent cause, "shall constitute waiver thereof." We envision that "cause" could take various forms. For instance, "[g]ood cause may be shown where the information supporting the claim arose too late to file a timely Rule 12 motion."[28] We also leave the door open to plain-error review of search warrants where the evidentiary record upon which our review will be based is limited to information within the "four corners" of the warrant.[29] But here, as mentioned, Swanson has made no effort to establish cause for his failure to file a motion to suppress before trial. We therefore decline to address his claim on appeal.

## III

We affirm the Superior Court's judgment of conviction.

---

[28] *Sok*, 115 F.4th at 263.
[29] *See, e.g.*, *Buckham v. State*, 185 A.3d 1, 16 (Del. 2018) (quoting *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006)).

14